**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KAREN DENISE NICHOLS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 16-14072

Hon. Marianne O. Battani

**OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Before the Court are the Defendant Commissioner of Social Security's objections (Dkt. 21) to Magistrate Judge Elizabeth A. Stafford's January 25, 2018 Report and Recommendation ("R & R") (Dkt. 20). The R & R recommends that the Court grant Plaintiff Karen Denise Nichols' motion for summary judgment (Dkt. 17), deny the Defendant Commissioner's motion for summary judgment (Dkt. 18), and remand this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). For the reasons discussed below, the Court **OVERRULES** Defendant's objections and **ADOPTS** the Magistrate Judge's R & R in its entirety.

## II. STATEMENT OF FACTS

Neither party objects to the Magistrate Judge's summary of the background facts concerning Plaintiff's application for Social Security benefits and her medical history. Accordingly, the Court adopts these unchallenged portions of the R & R.

## III. STANDARD OF REVIEW

A district court must conduct a *de novo* review of any portion of a magistrate judge's R & R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of matters referred to a magistrate judge. *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1988).

The Court must affirm the decision of the Defendant Commissioner so long as "it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241 (internal quotation marks and citation omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion."

*Cutlip v. Secretary of Health & Human Services,* 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

When determining whether the Defendant Commissioner's factual findings are supported by substantial evidence, the Court confines its examination to the administrative record considered as a whole. *Wyatt v. Secretary of Health & Human Services,* 974 F.2d 680, 683 (6th Cir. 1992) (internal quotation marks and citation omitted). There is no requirement, however, that either the Commissioner or this Court must discuss every piece of evidence in the record. *Kornecky v. Commissioner of Social Security,* No. 04-2171, 167 F. App'x 496, 508 (6th Cir. Feb. 9, 2006). Further, this Court does not "try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

## IV. ANALYSIS

### A. Defendant's First Objection

The Defendant Commissioner has lodged two objections to the R & R. First, Defendant takes issue with the Magistrate Judge's determination that the assessment by the Administrative Law Judge ("ALJ") of Plaintiff's back impairment and resulting impact on her residual functional capacity ("RFC") is not supported by substantial evidence. In arriving at this conclusion, the Magistrate Judge observed that the ALJ's inquiry must rest on the record as a whole rather than "fragments of the evidence," and "must take into account whatever in the record fairly detracts from [the] weight" of the evidence pointing toward a particular outcome. (R & R at 8-9 (quoting *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984)).) In the Magistrate Judge's view, the ALJ's decision here fell short of this standard, as the ALJ cited only a small subset of the

3

record for the proposition that Plaintiff exhibited "full strength bilaterally with a normal range of motion on multiple physical exams," (Admin. Record at 24), while making no mention of "substantially more evidence" in the record that reflected repeated findings of back impairments, limitations, and abnormalities in numerous visits to Plaintiff's treating physicians, (R & R at 9-10).

In challenging this conclusion, Defendant argues that the Magistrate Judge improperly "transformed the ALJ's duty to *consider* all of the evidence in the record[] into an obligation to *discuss* all of the evidence of record," and then "compound[ed] that error" by recommending reversal of the ALJ's decision "simply because *some* evidence contradicted the ALJ's findings." (Dkt. 21, Defendant's Objections at 1-2.) As noted earlier, neither the Commissioner nor this Court is obligated to discuss every piece of evidence in the record, *Kornecky,* 167 F. App'x at 508, and Defendant correctly observes that the ALJ need not specifically mention a particular item of evidence in order to demonstrate that it was considered, *see Daniels v. Commissioner of Social Security,* No. 04-5709, 152 F. App'x 485, 489 (6th Cir. Oct. 24, 2005). Moreover, Defendant rightly points out that even if the evidence that the ALJ neglected to mention might support a different conclusion, and even if this Court might decide the matter differently upon independent review of the record, the ALJ's decision nonetheless must be affirmed if it is supported by substantial evidence. *Cutlip,* 25 F.3d at 286.

The dispositive question here, then, is whether — as Defendant contends — the ALJ properly considered the record as a whole in arriving at a decision that is supported by substantial evidence, or whether — as Plaintiff maintains and the Magistrate Judge concluded — the ALJ impermissibly relied on only fragments of the record that fall short

4

of providing substantial evidentiary support for his assessment of Plaintiff's back impairment and resulting limitations. As cogently observed by another court in this District:

> Of note, the argument that the ALJ mischaracterized or "cherry picked" the record is frequently made and seldom successful, because the same process can be described more neutrally as weighing the evidence. Arguments which in actuality require reweighing record evidence beseech district courts to perform a forbidden ritual. But not all "cherry picking" claims inherently lack merit: Substantial evidence cannot be based on fragments of the record.

*Albanna v. Commissioner of Social Security,* No. 15-14264, 2016 WL 7238925, at *12 (E.D. Mich. Nov. 22, 2016) (internal quotation marks, alteration, and citations omitted), *adopted at* 2016 WL 7210715 (E.D. Mich. Dec. 13, 2016).

The Court agrees with the Magistrate Judge that Plaintiff's charge of "cherry picking" has merit in this case. As explained in the R & R, the ALJ's single-sentence discussion of Plaintiff's back impairment — a sentence that is repeated essentially verbatim at three different points in the ALJ's decision, (*see* Admin. Record at 24, 25, 26) — is supported by citation to four specific pages in the record. (*See* R & R at 9.) One of these pages is part of the record of Plaintiff's October 2013 hospital visit for chest pain, (*see* Admin. Record at 253), and another is part of the record of a March 2014 hospital visit for abdominal and back pain, (*see id.* at 583). As noted by the Magistrate Judge, a third document cited by the ALJ actually "contradict[s]" his assessment of Plaintiff's back impairment, (R & R at 9), as it reflects the findings of one of Plaintiff's treating physicians that she suffered from a herniated lumbar disc and exhibited paravertebral spasm, restricted range of motion, limited spinal stability, and diminished strength and tone in her spine, ribs, and pelvis due to pain, (Admin. Record

5

at 689). Similarly, the fourth piece of evidence cited by the ALJ is an x-ray of Plaintiff's cervical spine which, as the ALJ acknowledged, "revealed degenerative changes" in the lower cervical spine. (Admin. Record at 24 (citing *id.* at 563).) It is difficult to view these four items of evidence, standing alone, as providing substantial support for the ALJ's assertion that Plaintiff "had full strength bilaterally with normal range of motion on multiple physical exams." (*Id.* at 24.)

To be sure, Defendant has identified other evidence, albeit not referenced in the ALJ's decision, that is "consistent with the ALJ's finding" and may therefore contribute to the evidentiary support for this finding. (Defendant's Objections at 6; *but see* R & R at 10 (observing that this evidence derives largely from doctor visits for issues other than back pain, and that "some of the records cited are redundant copies").) Defendant also seizes upon the ALJ's use of plurals — *e.g.,* his reference to "treatment notes," (Admin. Record at 24) — as supporting the inference that he considered evidence in the record beyond the four specific items cited in his assessment of Plaintiff's back impairment. Yet, even crediting the ALJ's assertion that he considered the "entire record," (*id.* at 23), nothing in the ALJ's decision suggests that he properly accounted for the substantial body of evidence that tended to undermine his determination that Plaintiff's back impairment had little or no impact on her RFC. Most notably, the Magistrate Judge aptly explained that the ALJ's terse treatment of this issue did not even purport to address (i) the "records of 18 visits to Dr. Malayev for back pain on a monthly basis between May 2014 and August 2015, with moderate low back tenderness, muscle spasm, and mild positive straight leg raising bilaterally being noted at each visit," and (ii) the records of Plaintiff's visits to Dr. Rica Stamatin "at least 21 times from March 2012 to January

6

2014, with abnormal spinal examination results and reduced range of motion being noted on every visit." (R & R at 9-10.)

Under comparable circumstances, the courts have found that "the quality and volume of evidence not discussed by the ALJ may raise serious doubts about the supportability of the ALJ's RFC finding and overall conclusions." *Roberts v. Colvin,* No. 13-14675, 2015 WL 181658, at *10 (E.D. Mich. Jan. 14, 2015) (internal quotation marks, alteration, and citation omitted); *see also Albanna,* 2016 WL 7238925, at *13 (faulting the ALJ for "appear[ing] to pluck facts detrimental to [the plaintiff's] case without noting facts which would, if considered, counsel an outcome favorable to" the plaintiff); *Krueger v. Commissioner of Social Security,* No. 15-10393, 2015 WL 9267172, at *11 (E.D. Mich. Oct. 19, 2015) (explaining that "where the ALJ's selective reliance on fragments of the record amounts to a distortion of the record[,] it cannot be said that substantial evidence supports" the ALJ's findings (internal quotation marks and citations omitted)), *adopted at* 2015 WL 9258436 (E.D. Mich. Dec. 18, 2015). More generally, the Sixth Circuit has emphasized that "a substantiality of evidence evaluation does not permit a selective reading of the record," *Brooks v. Commissioner of Social Security,* No. 11-5654, 531 F. App'x 636, 641 (6th Cir. Aug. 6, 2013), and that such an inquiry "must take into account whatever in the record fairly detracts from [the] weight" of a challenged finding, *Garner,* 745 F.2d at 388 (internal quotation marks and citations omitted). Given the substantial body of evidence — including, most notably, dozens of treatment notes from Plaintiff's physicians spanning over three years — that runs counter to the ALJ's findings but is not addressed or otherwise accounted for in his decision, the Court concurs in the Magistrate Judge's determination that the ALJ's

7

assessment of Plaintiff's back impairment and corresponding RFC finding are not supported by substantial evidence in the record.

B.  **Defendant's Second Objection**

In addition to determining that the ALJ's findings as to Plaintiff's back impairment are not supported by substantial evidence, the Magistrate Judge similarly concluded that the ALJ "ignored critical evidence" in assessing Plaintiff's mental impairments, such that his corresponding RFC finding again lacks the support of substantial evidence in the record. (R & R at 11, 17.) Defendant objects to this conclusion on much the same grounds addressed above, once again contending (i) that the Magistrate Judge erred by insisting that the ALJ discuss, or at least mention, each pertinent piece of evidence in the record, rather than merely considering this evidence, and (ii) that the Magistrate Judge improperly reweighed the evidence, rather than inquiring whether substantial evidence supports the ALJ's findings. As discussed below, while the Court agrees with Defendant that the charge of "cherry picking" is somewhat less warranted with respect to the ALJ's evaluation of Plaintiff's mental impairments, the Court nonetheless concurs in the Magistrate Judge's determination that this evaluation is flawed and necessitates a remand for further proceedings.[1]

The Court discerns two errors in the ALJ's assessment of the record concerning Plaintiff's mental impairments. First, regarding the opinion of Jack Haynes, Ph.D., following a psychological consultative examination, the ALJ stated that he "assign[ed]

---

[1]Of course, even if the Court were to resolve this challenge in Defendant's favor, this case would still be subject to remand on the other ground identified in the Magistrate Judge's R & R.

8

little weight to this opinion" because it was "inconsistent with [Dr. Haynes'] own findings" in his mental examination of Plaintiff. (Admin. Record at 25.) In particular, the ALJ characterized Dr. Haynes' findings as "normal," but noted that "[d]espite" these findings, Dr. Haynes had "diagnosed [Plaintiff] with anxiety and depression, and opined that she had a fair to poor prognosis" and a "markedly impaired" ability to "withstand the stress and pressure associated with day-to-day work activity." (*Id.* at 24-25.) In the Magistrate Judge's view, the ALJ impermissibly relied on only "fragments of the record" in his decision to discount Dr. Haynes' opinion, cherry-picking the "normal finding[s]" in Dr. Haynes' report "while neglecting to mention a single abnormal finding." (R & R at 14.) Defendant, in contrast, notes that the ALJ's determination of Plaintiff's RFC was largely consistent with Dr. Haynes' opinion, and argues that to the extent it differed, the ALJ appropriately identified an inconsistency between certain aspects of Dr. Haynes' opinion — most notably, that Plaintiff was markedly impaired in her ability to withstand workplace stress and pressure — and his "largely normal mental status exam findings." (Defendant's Objections at 9.)

In the Court's view, the principal defect in the ALJ's treatment of Dr. Haynes' opinion is that it is difficult, if not impossible, to reconcile the ALJ's evaluation of this opinion with his assessment of the other mental health opinions in the record. Most notably, while the ALJ gave little weight to Dr. Haynes' opinion, he "assign[ed] great weight" to the opinion of a State agency psychological consultant, Jerry Csokasy, Ph.D. (Admin. Record at 25.) Based on a medical record review conducted shortly after Dr. Haynes' examination of Plaintiff, Dr. Csokasy opined that Plaintiff had mild limitations in activities of daily living and social functioning, but moderate limitations in concentration,

9

persistence, or pace, in her ability to carry out detailed instructions, and in her ability to maintain attention and concentration for extended periods. (*Id.* at 25-26.) In determining that this opinion was entitled to great weight, the ALJ explained that it was "generally consistent with record evidence of significantly normal findings on mental status exam," and also incorporated limitations that were largely the same as those identified elsewhere in the record. (*Id.* at 26.) Yet, in support of his reasoning that Dr. Csokasy's opinion was "generally consistent" with the record of Plaintiff's mental health exams, the ALJ cited solely to Dr. Haynes' report. (*See id.*) Along the same lines, in determining that the opinion of another examining mental health professional, Elaine M. Tripi, Ph.D., was entitled to "no weight," the ALJ once again pointed to Dr. Haynes' report, this time reasoning that Dr. Tripi's opinion was "inconsistent" with certain of Dr. Haynes' findings. (*Id.* at 25.)[2]

In sum, the ALJ looked to Dr. Haynes' findings as the yardstick by which he measured the opinions of Dr. Haynes, Dr. Csokasy, and Dr. Tripi alike. Regardless of whether, as the Magistrate Judge found, the ALJ's reading of Dr. Haynes' findings was "strained and incomplete," (R & R at 16), it is noteworthy that the ALJ relied solely on these findings, and no others, to discount the opinions of two mental health professionals who examined Plaintiff — *i.e.,* Dr. Tripi and Dr. Haynes himself — while at the same time assigning great weight to the opinion of a nonexamining physician, Dr.

---

[2]As another apparent ground for discounting the opinion of Dr. Tripi, the ALJ observed that her evaluation of Plaintiff "occurred only two weeks prior to the [administrative] hearing." (*Id.*) As noted by the Magistrate Judge, however, "[n]either the ALJ nor the [Defendant] Commissioner cite authority that would discount a medical opinion for having occurred more recently, when still well within the relevant period of coverage." (R & R at 15.)

10

Csokasy, as generally consistent with these findings. In the Court's view, the ALJ impermissibly strayed beyond his role as factfinder and into the realm of medical judgment by questioning the link between Dr. Haynes' findings and his diagnoses and opinions regarding Plaintiff's limitations, while at the same time determining that these findings were consistent with, and lent support to, the opinion of Dr. Csokasy. As pointed out in the R & R, the Sixth Circuit has cautioned against seizing upon "the relative imprecision of the . . . methodology" employed by a mental health professional as a basis for disregarding his or her findings. (R & R at 16 (quoting *Blankenship v. Bowen,* 874 F.2d 1116, 1121 (6th Cir. 1989)).) The Magistrate Judge further observed that because Dr. Haynes and Dr. Tripi examined Plaintiff but Dr. Csokasy did not, the opinions of the former generally were entitled to more weight, but "the ALJ did the opposite" here. (R & R at 14 (citing 20 C.F.R. § 404.1527(c)(1) and *Gayheart v. Commissioner of Social Security,* 710 F.3d 365, 379 (6th Cir. 2013)).)[3] Under this record, the Court agrees with the Magistrate Judge that the ALJ's assessment of the opinion of Dr. Haynes lacks the support of substantial evidence.

Next, and more generally, the Court concurs in the Magistrate Judge's conclusion that the ALJ's assessment of the opinions of Drs. Haynes, Tripi, and

---

[3]Defendant suggests that *Gayheart* is inapposite here because the court in that case compared the levels of scrutiny applicable to the opinions of treating versus consultative physicians, while in this case "there was no *treating source* opinion regarding Plaintiff's mental limitations." (Defendant's Objections at 12 (emphasis in original).) Yet, in the portion of *Gayheart* cited by the Magistrate Judge, the court addressed 20 C.F.R. § 404.1527(c) and Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2-*3, both of which recognize the rule that the medical opinion of an examining physician generally is entitled to more weight than the opinion of a nonexamining source.

Csokasy is undermined by his wholesale disregard of the findings of Asha Jain, M.D., a mental health professional who treated Plaintiff from July 2014 to September 2015. Although the ALJ cited a Global Assessment of Functioning ("GAF") score of 50 referenced in Dr. Jain's treatment notes and stated that he "accorded little weight to the GAF scores of record," (Admin. Record at 25), the Magistrate Judge correctly points out that the ALJ did not mention or otherwise acknowledge Dr. Jain's diagnoses and findings compiled over multiple visits, (*see* R & R at 12-13). As explained in the R & R, Dr. Jain's records "provide objective evidence of depression, anxiety, dysphoria, auditory hallucinations, constricted affect, limited attention and concentration, slowed psychomotor activity, and that [Plaintiff's] mind often races, (R & R at 17 (citing Admin. Record at 674-82)), yet there is no indication that the ALJ accounted for this record in evaluating Plaintiff's mental impairments or determining her RFC.

In challenging the Magistrate Judge's conclusion on this point, Defendant again seizes upon the ALJ's use of a plural in referring to Plaintiff's GAF "scores," (Admin. Record at 25), viewing this as an indication that the ALJ must have reviewed multiple portions of Dr. Jain's treatment notes. Be that as it may, the ALJ's decision itself refutes any suggestion that he truly considered Dr. Jain's diagnoses and findings, where the ALJ (i) repeatedly referred to the "normal findings" from Plaintiff's mental health exams, (*id.* at 25, 26), (ii) cited to Dr. Haynes' report as the sole source of these findings, (*see id.*), and (iii) failed to mention, address, or account in any way for the findings and diagnoses in Dr. Jain's records that might warrant additional restrictions in Plaintiff's RFC. Accordingly, the Court declines Defendant's invitation to assume, despite all indications to the contrary, that the ALJ appropriately considered and accounted for the

12

medical record as a whole in assessing Plaintiff's mental impairments and determining her RFC.  Rather, the Court agrees with the Magistrate Judge that the ALJ's decision must be set aside for lack of substantial evidentiary support, and that this matter should be remanded for further administrative proceedings.

**V.     CONCLUSION**

The Court has reviewed *de novo* the entire record and the pleadings, giving particular attention to those portions of the record relevant to Defendant's objections. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's January 25, 2018 report and recommendation (Dkt. 20) in its entirety, and **OVERRULES** Defendant's February 8, 2018 objections to the report and recommendation (Dkt. 21).  Accordingly, Plaintiff's motion for summary judgment (Dkt. 17) is **GRANTED IN PART**, and Defendant's motion for summary judgment (Dkt. 18) is **DENIED.**  In accordance with these rulings, the challenged decision of the Defendant Commissioner is **REVERSED,** and this case will be **REMANDED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date:   March 29, 2018                              s/Marianne O. Battani
                                                                  MARIANNE O. BATTANI
                                                                  United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 29, 2018.

                                                         s/ Kay Doaks
                                                         Case Manager